## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA

**IN RE: TYRONE ALEXANDER**  CASE NO: 10-51713-LO-13

### APPLICATION TO EMPLOY ATTORNEY

**NOW INTO COURT,** comes Keith A. Rodriguez, Standing Chapter 13 Trustee, who respectfully represents:

1.

This debtor has a claim for damages as more fully described on the attached Affidavit.

2.

The proceeds from this damage claim are either part of the liquidation test or disposable income. In either case, the estate has an interest in this matter.

3.

The trustee wishes to retain counsel named therein for purposes of representing the estates' interest in the damage claim. Said employment is sought under Section 330 of the Bankruptcy Code but the Trustee will seek fee approval per the terms of the contingent fee contract.

4.

Counsel is well and truly familiar with the matter and is quite capable of handling this litigation. An Affidavit of Disinterestedness is attached hereto and trustee seeks authority to retain said counsel.

**WHEREFORE,** trustee prays that an Order enter herein authorizing retention of counsel for purposes of representing the estates' interest in the damage claim.

Lafayette Louisiana this 11TH day of October 2012.

/s/ Keith A. Rodriguez
**KEITH A. RODRIGUEZ**
**STANDING CHAPTER 13 TRUSTEE**

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing has been served on the following:

| | |
|---|---|
| MR TYRONE ALEXANDER<br>1224 ZIN ZIN RD<br>BREAUX BRIDGE LA 70517 | MR. WILLIAM GEE, III<br>P O DRAWER 52048<br>LAFAYETTE LA 70505-2048 |

and

| | |
|---|---|
| DONALD R FUSELIER<br>P O BOX 12994<br>NEW IBERIA LA 70562 | OFFICE OF THE U S TRUSTEE<br>300 FANNIN  STE 3196<br>SHREVEPORT LA 71101 |

by placing same in the United States Mail, postage prepaid or electronically this 11TH day of October 2012.

/s/ Keith A. Rodriguez
**KEITH A. RODRIGUEZ**

September 20, 2012

Tyrone Alexander, client, hereby retains William N. Gee, III, Attorney, to render legal services on behalf of client and to institute legal proceedings against presently known and unknown parties, their successors and assigns, or any person or entity liable for damages sustained by client as a result of an injury which occurred on or about the 28th day of March, 2012, as a result of Inland Water Rig injury.

A. As a consideration for these legal services, client hereby vests in attorney an assignment of interest in and to the proceeds from this claim, under the provisions of La. R. S. 9:5001 and any other applicable law, an interest in the claim to secure the fees, expenses and advances agreed upon hereinafter or to be agreed upon at any later date. The attorney fees to be paid by client to William N. Gee, III are hereby agreed to be Forty (40%) Percent of the gross total settlement or judgment amount, calculated before deduction of case expenses and any loans, interest, costs, etc.

B. Attorney may associate another attorney to represent client in this matter. Unless otherwise contracted or documented, associated Attorney, and Gee, will equally split attorney fees. Attorney Gee does not guarantee or promise that any certain money award will be obtained for the client. Attorney does not handle property damage claim(s) for automobile cases.

C. After my case is completed, I authorize Attorney to release case information to media personnel.

D. Attorney agrees to advance all costs of litigation, legal research fees such as Westlaw, investigation, expert fees, discovery, travel expenses, private air transportation and other various case preparation expenses. Client agrees to repay these expenses, plus any bank interest, on advances at the rate charged by any financial institution from whom client has borrowed funds, after deduction of legal fees from gross final judgment or settlement amount, and these costs and any advances, etc., are owed by client regardless of outcome of the client's case. Client recognizes and acknowledges that he has granted to attorney an assignment of interest in his claim to secure all advances of any type made to or on behalf of Client. Client further authorizes attorney to deduct and pay, out of any recovery, directly to any medical creditor or other expert, any unpaid balance due to them for the client, and to pay any other unpaid expenses of the litigation. Client further agrees that if attorney's services are terminated by client, all sums advanced on client's behalf and/or to the client by attorney, shall become due and payable to attorney within fifteen (15) days of said termination. Also, if attorney has co-signed for client at a bank or financial institution, the bank funds borrowed and interest, administrative fees and insurance fees are owed immediately upon termination of the contract. In the event such sums are not paid within the allotted time, client further agrees to pay an attorney's fee of twenty-five (25%) percent of all sums then due plus all costs of any legal proceedings brought. Client further agrees and understands that, in the event attorney's services are terminated, the assignment of interest made herein shall remain in full force and effect, and that attorney's interests, as set forth herein are to be fully paid and protected by this assignment. If attorney fees are awarded as part of a general maritime law punitive or compensatory cure and/or maintenance claim, that sum will be added to the amount considered to be gross judgment amount referenced in paragraph A.

E. This contract may only be terminated by written notice personally delivered to either party, or served upon either party, directed to the party and or party's last known address. The termination of this contract shall be effective only upon receipt of such notification by the party or, in the case of certified mail to the client, upon the inability of delivering the notice to the party's last known address, by reasonable attempts to communicate with the client. If a conflict of interest is identified as to a client and/or attorney, attorney may withdraw from representation.

F. Attorney and client agree that neither may, without written or recorded consent of the other, settle, compromise, release or discontinue the suit or claim. Attorney and client further agree that this contract may be filed and recorded pursuant to La. R.S. 37:218, and that after such filing, and disposition made of the suit or claim by either an attorney or client without the written or recorded consent of Gee, is null and void and the suit or claim shall be proceeded with as if no such disposition had been made.

G. If Lawsuit filed in Texas, then Texas Law shall control any dispute as to Attorney fees, expenses, loans and/or Bank Interest owed. This means that Attorney Gee is entitled to his full contingency fee unless discharged for good cause.

_____  
CLIENT

_____  
WILLIAM N. GEE, III

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

IN RE: TYRONE ALEXANDER　　　　　　　　　　CASE NO: 10-51713-LO-13

STATE OF LOUISIANA

PARISH OF LAFAYETTE

### AFFIDAVIT OF DISINTERESTEDNESS

**BEFORE ME,** the undersigned authority, **Mr. William Gee, III** personally came and appeared who after being duly sworn did depose and say,

That he/she does not represent any interest in the debtor or any interest adverse to the debtor or to the debtor's estate with respect to any such matter on which he is to be employed other than the fact that counsel has an interest in the outcome of this litigation by virtue of a contingency fee;

That he/she does not represent the interest of any creditors in this case or any other party in interest, their respective attorneys and accountants, the United States Trustees or any person employed in the office of the United States Trustee;

That he/she is a disinterested person and that he will represent and assist the Trustee in carrying out the Trustee's duties.

That he/she acknowledges said employment is sought under Section 330 of the Bankruptcy Code but the Trustee will seek fee approval per the terms of the contingent fee contract.

_____
AFFIANT

**SWORN TO AND SUBSCRIBED** before me this 1st day of October, 2012.

_____
NOTARY PUBLIC

TARA DANTIN
Notary Public
State of Louisiana
Lafayette Parish
Notary ID #92117
My Commission is for Life